## TALLAHATCHIE LUMBER CO. v. RIVERSIDE LUMBER CO., Inc.

(Circuit Court of Appeals, Fifth Circuit. March 2, 1926.)

No. 4506.

1. **Sales ⊙⇒181(8)—Admitting evidence of inspection of lumber by National Hardwood Association inspectors held proper, where necessity for inspection by American Hardwood Association inspectors as provided in contract and whose inspection was to be final did not arise.**

   Where contract for sale of lumber provided for inspection by inspectors of American Hardwood Association, whose findings would be final on failure to agree in joint inspection, admitting evidence of inspection by inspectors of National Hardwood Association *held* proper, where there was no joint inspection.

2. **Sales ⊙⇒168(6)—Under contract for sale of lumber, providing each party pay one-half of expense of American Hardwood Association inspectors on failure to agree to joint inspection, court properly instructed that there could be no division of expense for such inspection, ordered by buyer after removing lumber, where joint inspection was not made.**

   Where contract for sale of lumber provided for final inspection by American Hardwood Association inspectors on failure to agree on joint inspection at mill, with each party paying one-

half expense, but there was no joint inspection, and buyer caused inspection by American Hardwood Association inspectors after having removed lumber, court properly instructed that there could be no division of expense thereof.

3. Sales ⨠343, 344—Seller may recover for value of certain lumber, although not covered by contract of sale, where evidence shows subsequent verbal agreement to take such items and actual taking and removal by buyer.

Where evidence shows subsequent verbal agreement to take certain lumber not covered by contract for sale of lumber, and actual taking into possession of buyer and removal, seller was entitled to recover for value thereof.

4. Sales ⨠358(6)—Excluding evidence of cost of loading lumber on cars held erroneous, in action for purchase price of lumber to be loaded on cars, where because of removal of tracks, without fault of either party, buyer was required to remove and ship lumber by water.

Where lumber contracted to be loaded on tracks by seller was later hauled by buyer and transported by water, because of removal of tracks without fault of either party, excluding evidence of cost of loading lumber *held* erroneous, in action for purchase price, as buyer is entitled to allowance of such cost on price of lumber.

5. Sales ⨠348(1)—Buyer of lumber to be loaded on tracks at mill, having removed lumber by water transportation, when tracks at mill were removed through fault of neither party, is not entitled to allowance for cost of transportation to nearest loading point against price of lumber.

Where buyer of lumber, under contract providing for delivery on cars at mill, had removed lumber to nearest loading point by water shipment, because of removal of tracks at mill through fault of neither party, he was not entitled to allowance on contract price for cost of transportation to nearest loading point.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by the Riverside Lumber Company, Inc., against the Tallahatchie Lumber Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

Edwin T. Merrick, Ralph J. Schwarz, and Morris B. Redmann, all of New Orleans, La., for plaintiff in error.

J. Blanc Monroe, Monte M. Lemann, and Nicholas Callan, all of New Orleans, La., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This was an action by plaintiff (defendant in error) against the defendant (plaintiff in error) on a contract for the sale of lumber and to recover the price of the lumber sold. The contract was made March 4, 1920. By its terms plaintiff sold to defendant "the entire cut of hardwood lumber made by its mill during the year 1920." The prices stipulated were "for lumber loaded on cars at Madisonville." At the time the contract was made, and up to May or June, 1921, the Houltan Lumber Company maintained a spur track at Madisonville, and it was on this spur alone that deliveries of lumber on cars could be made from plaintiff's mill, a fact known to both parties to the contract. Up to March 30, 1921, a few cars only having been received and paid for, the plaintiff on that date addressed a letter to the defendant, putting it in default for having failed to take and pay for the lumber within a reasonable time; no specific time having been fixed by the contract. In the succeeding May or June, the spur track was taken up by its owner, making deliveries on cars thereafter impossible.

On October 6, 1921, the plaintiff caused a writ of attachment to issue, and seized under it the lumber sold defendant, which was then on its yards, for the purpose of collecting the unpaid balance of the purchase price. The defendant thereupon bonded the writ and took delivery of the lumber on the yard of plaintiff's mill, and, after taking delivery, loaded the lumber on boats and transported it to New Orleans. The defendant claims, as against the balance of the purchase price, the cost of loading and transporting the lumber to New Orleans, and there unloading it from boats into railroad cars, in the amount of $3,228.11, and one-half of the inspection fees for inspecting the lumber at New Orleans, which amounted to $466.15. The case was tried with a jury, and resulted in a verdict for the plaintiff, on which a judgment for $6,708.35 was entered, and from which this writ of error was sued out.

The eight assignments of error present four questions for review requiring discussion: (1) Claimed error on the part of the trial court in admitting evidence of an inspection made by inspectors other than those of the American Hardwood Association. (2) Claimed error on the part of the trial court in admitting evidence of the value of lumber, for which it is contended no claim had been made in the petition, that it was not enumerated in the written contract, and that it had been rejected by the defendant. (3) Claimed error on the part of the trial court in excluding evidence of the cost of loading the lumber on cars at Madisonville. (4) Claimed error on the part of the trial court in charg-

ing the jury that the defendant could not set off, against the unpaid balance of purchase price, the cost of transporting the lumber to New Orleans and there placing it on railroad cars.

[1, 2] 1. Section 6 of the contract provided that, if any question should arise as to the grade of any board or boards inspected, such boards should be laid aside by the inspector, representing the defendant, until a quantity accumulated such as would justify calling in a licensed inspector of the American Hardwood Association, who should reinspect such boards, his findings to be final. Each party agreed to abide thereby and to pay one-half the expense of the inspector. Owing to the attaching and bonding of the lumber, there was no joint inspection of it at the plaintiff's mill. The plaintiff inspected it there, but used inspectors of the National Hardwood Association, instead of those of the American Hardwood Association. The defendant reinspected it at New Orleans, using inspectors of the American Hardwood Association.

The defendant's contention in this respect is that only an inspection of American Hardwood Association inspectors would be admissible evidence of the grade and value of the lumber according to the terms of the contract. This contention might prevail, if the occasion had arisen for the application of section 6 of the contract. The evidence shows that there was no rejection at the mill by an inspector representing the defendant of any lumber, and so no occasion for the contractual inspection by American Hardwood Association inspectors, whose findings were agreed to be final. There having been no inspection such as, under the provisions of the contract, were given finality, any evidence tending to show the actual grade and condition of the lumber was admissible. For the same reason, the District Judge properly instructed the jury that there could be no division of the expense of the inspection by American Hardwood Association inspectors at New Orleans.

[3] 2. The defendant contends that recovery was permitted for the value of certain lumber (magnolia, cypress, and gum) not covered by the pleadings and not included in the schedule which was a part of the contract. We think the pleadings sufficiently cover the items complained of, and, if there is any doubt as to their being covered by the contract, this becomes unimportant, in view of the evidence, which sufficiently showed a subsequent verbal agreement on the part of the defendant to take the items, and the actual taking them into its possession, and

the removal of them to New Orleans by the defendant. Rejection after their arrival at New Orleans came too late.

[4] 3. The plaintiff was entitled to recover the contract price of the lumber, less the amount that had been advanced to it by the defendant. Included in the contract price was an obligation on the part of the plaintiff to load the lumber on railroad cars at Madisonville. This duty it had assumed under the contract, regardless of whose duty it was to furnish the railroad cars on which the lumber was to be loaded. Before the lumber was attached by the plaintiff, the spur track, which was to hold the railroad cars for the loading of the lumber, had been removed without the fault of either party to the contract, and it thereby became impossible to load the lumber on railroad cars at Madisonville. After the attachment writ had been bonded by the defendant, the defendant took delivery of the lumber upon the yard of the plaintiff's mill at Madisonville, and transported it by water to New Orleans. The plaintiff was thereby relieved of the cost of loading the lumber upon railroad cars at Madisonville, which included the cost of barging them across a river to the spur track.

As the cost of this loading upon railroad cars entered into the consideration for the price agreed to be paid plaintiff for the lumber, and as it, without the fault of either party, was saved this cost, the amount due plaintiff by the terms of the contract should have been diminished by the amount of this cost. The price was the amount stipulated in the contract to be paid, if plaintiff had in fact loaded the lumber on railroad cars at Madisonville. Plaintiff was not called upon to pay for the cost of loading the lumber on cars, because after the track was removed such loading became impossible. Having been relieved of this cost, the price of the lumber should be reduced by the amount thereof, since the plaintiff benefited in that amount from not having to load the lumber on railroad cars. The defendant offered to prove the cost of loading the lumber on cars at Madisonville by the witness Alcus, and was prevented from doing so by a ruling of the trial court, sustaining plaintiff's objection to the evidence, as being immaterial. In this ruling we think the court erred.

[5] 4. The court charged the jury that the defendant was not entitled to set off against the purchase price of the lumber its expense for shipping the lumber by water from Madisonville to New Orleans. The defendant's contention is that, when loading on railroad cars at Madisonville became impossible, be-

cause of the removal of the spur track, it was authorized to substitute delivery at the nearest point to Madisonville at which lumber could be loaded on railroad cars, and that this point was New Orleans, and was entitled to charge the cost of transportation of the lumber to New Orleans for this purpose against the price of the lumber.

Delivery on cars at Madisonville having become impossible, without the fault of either party to the contract, the defendant was entitled to refuse to go forward with the contract, or to take delivery of the lumber on plaintiff's yard with proper deduction; but it had no right to elect to go forward with the contract, and substitute a different method and point of delivery from that stipulated in the contract, and which would materially change the terms the parties had agreed upon. The agreement was to load on cars at Madisonville, not to load on cars at the point nearest Madisonville, where loading on cars was possible. Such a substitution would be the making of a new agreement for the parties without their assent, and this the court is without authority to do.

We find no support in the record for any of the errors assigned except that which relates to the exclusion of evidence of the cost of loading the lumber on cars at Madisonville. Upon a retrial of the case, with substantially similar evidence the plaintiff would be entitled to recover the contract price of the lumber, less the amount advanced against it by the defendant, and less what is then shown by the evidence to have been the reasonable cost for loading the lumber on railroad cars at Madisonville.

The judgment of the District Court is reversed, and the cause is remanded for a new trial in conformity with this opinion.

Reversed and remanded.